Charles Gr. Tierney, J.
Defendant Time, Inc., moves pursuant to CPLR 3212 for an order directing summary judgment in its favor dismissing the complaint. Plaintiffs’ complaint seeks compensatory and punitive damages in the sum of. $3,500,000 because of an allegedly false and derogatory article published by defendant in the October 17, 1969 issue of Life Magasine.
The depositions submitted in support of this .motion clearly reflect that the Time personnel bearing editorial responsibility for the article not only believed the contents thereof to be true when published but also still believe that the article is true and accurate. This is further supported by available documentary evidence. The testimony adduced upon the depositions reveals that the purpose of the article was to inform the public about a newsworthy and interesting development in the fashion industry. The testimony of these witnesses is uncontradicted .and unchallenged.
The subject of the article complained of was racial discrimination in the fashion industry and the efforts to overcome such discrimination; a matter of undisputed contemporary public interest. Under recent United States Supreme Court decisions the mantle of constitutional protection extends to all publica *241 tions concerning matters of public interest. (New York Times Co. v. Sullivan, 376 U. S. 254; Rosenbloom v. Metromedia, 403 U. S. 29; Garrison v. Louisiana, 379 U. S. 64; Rosenblatt v. Baer, 383 U. S. 75.) For imposition of tort liability the plaintiffs must prove, with convincing clarity, that the article complained of was false and was published with knowledge of.its falsity or with reckless disregard of the truth.
The burden of proving actual malice is on the plaintiffs (Garrison v. Louisiana, supra, p. 74; Rosenblatt v. Baer, supra, p. 84) who must make an affirmative showing of facts from which defendants’ probable knowledge of falsity may be constitutionally inferred (Thompson v. Evening Star Newspaper Co., 394 F. 2d 774, 776 [D. C., 1968], cert. den. 393 U. S. 884).
Because no evidentiary proof of defendants’ probable knowledge of falsity, or reckless disregard of the truth, is submitted on this motion summary judgment must be granted; otherwise the rights of defendant Time, Inc. as recognized in New York Times v. Sullivan (376 U. S. 254, supra), and subsequent cases —which rights are designed to preserve the public interest in a free and robust press would be frustrated (Washington Post Co. v. Keogh, 365 F. 2d 965 [D. C., 1966], cert. den. 385 U. S. 1011; Pagan v. New York Herald Tribune, 32 A D 2d 341, affd. 26 N Y 2d 941).
The rule of New York Times v. Sullivan (376 U. S. 254, supra), applies as well as to the plaintiff agencies notwithstanding the fact that said agencies are not mentioned in the allegedly false passage in the article (Dale System v. General Teleradio, 105 F. Supp. 745).
There being no triable issues of fact presented as to defendant Time Inc. ’s liability .for the alleged defamatory article, the complaint as to said defendant is dismissed.